IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MARVIN DWAYNE JONES, #759361, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. 3:05-CV-1787-L |
| § | |
| DOUGLAS DRETKE, Director § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Divisions, § | |
| § | |
| Respondent. § | |

**MEMORANDUM OPINION AND ORDER**

Petitioner Marvin Dwayne Jones ("Petitioner" or "Jones") filed this application for writ of habeas corpus under 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this action was referred to the United States magistrate judge for proposed findings and recommendation. On October 27, 2005, the Findings, Conclusions and Recommendation of the United States Magistrate Judge were filed, to which Petitioner filed objections on November 9, 2005.

**I.     Relevant Background**

In 1981, Petitioner was convicted of aggravated kidnaping in the 195th Judicial District Court in Dallas County, Texas, in cause number F80-16499-IN (the "1981 conviction"). He was assessed a punishment of three years confinement in the Texas prison system. He did not appeal.

Petitioner is currently an inmate in the Texas prison system serving a thirty-five year sentence of confinement following a 1996 conviction for aggravated assault in the 204th Judicial District of Dallas, County, Texas (the "1996 conviction"). His conviction and sentence were

**Memorandum Opinion and Order – Page 1**

affirmed on direct appeal. *Jones v. State*, No. 11-97-00162-CR (Tex. App. – Eastland, June 4, 1998, pet. ref'd). Petitioner filed an application for writ of habeas corpus in state court, and the Texas Court of Criminal Appeals denied habeas relief without a written order. *Ex Parte Jones*, No. 44,841-01 (Tex. Crim. App. Feb. 23, 2000). Petitioner then filed an application for writ of habeas corpus in the federal court seeking to collaterally challenge the 1996 conviction. The court denied the petition as time-barred and dismissed Petitioner's habeas claims with prejudice. *See Jones v. Johnson*, 3:00-CV-1510-X (N.D. Tex. Dec. 19, 2000).

Petitioner filed this federal habeas petition on September 2, 2005, seeking to collaterally challenge his 1981 conviction and, at the same time, his 1996 conviction. With regard to the 1981 conviction, he contends that the judgment of conviction violated the Double Jeopardy clause and that his court-appointed counsel was ineffective. With regard to the 1996 conviction, he contends that the 1981 conviction was improperly used to enhance his punishment.

## II.     Magistrate Judge's Findings, Conclusions and Recommendations

The magistrate judge recommended dismissal of the § 2254 petition since: (1) to the extent Petitioner is collaterally attacking his 1981 conviction, Petitioner is not currently "in custody" for that conviction, and therefore not able to mount a habeas challenge as to that conviction (*see* Findings, Conclusions and Recommendations at 2-3 and cases therein cited); and (2) to the extent Petitioner is claiming that his 1981 conviction was improperly used to enhance his 1996 conviction, Petitioner previously mounted an unsuccessful challenge to his 1996 conviction in the United States District Court for the Northern District of Texas, and would therefore first need to seek leave to file a second or successive habeas petition in the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A). *See id.* at 3-4 and cases therein cited.

**III.     Petitioner's Objections**

Petitioner objects to the magistrate judge's finding that his petition should be dismissed for failure to meet the custody requirement for filing an application for habeas relief.  *See* Objections at 2.  Petitioner contends that by pleading that his assessment of punishment for his 1996 conviction was illegally enhanced by his 1981 conviction, he has satisfied the "in custody" requirement.  *See id.* (citing *Harper v. Evans*, 941 F.2d 1538 (11th Cir. 1991)).  He also contends in his objections that "a failure to address the instant claim will result in manifest miscarriage of justice."  *Id.*

Petitioner's objections are overruled.  The magistrate judge's recommendation was bifurcated.  His recommendation that Petitioner's petition be dismisses as Petitioner was not "in custody" only related to Petitioner's challenge to the 1981 conviction, not his 1996 conviction. *See* Findings, Conclusions and Recommendations at 3 (citation omitted).  With regard to Petitioner's challenge to the 1996 conviction, the magistrate judge specifically recognized that, under applicable Supreme Court precedent, "because a § 2254 petition could be construed as asserting a challenge to a current sentence, as enhanced by an allegedly invalid prior conviction, a petitioner could satisfy the 'in custody' requirement for federal habeas jurisdiction despite the full expiration of his sentence."  *Id.*  The magistrate judge's recommendation that the challenge to the 1996 conviction be dismissed is not based on the "in custody" requirement, but rather on the fact that this court has already dismissed a habeas application filed by Petitioner as to the 1996 conviction (*see Jones v. Johnson*, 3:00-CV-1510-X (N.D. Tex. Dec. 19, 2000)), and Petitioner therefore needs to seek leave to file a second or successive habeas writ in the Fifth Circuit.  *Id.* at 4.

## IV.     Conclusion

Having reviewed the pleadings, file and record in this case, the findings and conclusions of the magistrate judge, and Petitioner's objections thereto, the court determines that the findings and conclusions are correct in recommending dismissal of the § 2254 petition since: (1) to the extent Petitioner is collaterally attacking his 1981 conviction, Petitioner is not currently "in custody" for that conviction, and therefore not able to mount a habeas challenge as to that conviction; and (2) to the extent Petitioner is claiming that his 1981 conviction was improperly used to enhance his 1996 conviction, Petitioner previously mounted an unsuccessful challenge to his 1996 conviction in this court, and would therefore first need to seek leave to file a second or successive habeas petition in the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A). Accordingly, the court **accepts** the magistrate judge's findings, conclusion and recommendations and **overrules** Petitioner's objections. Petitioner's petition for the writ of habeas corpus is **denied**, and this action is **dismissed without prejudice**. Final judgment will be issued by separate document.

**It is so ordered** this 18th day of November, 2005.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge