IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARVIN DWAYNE JONES, #759361, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 3:05-CV-1787-L |
| | § | |
| DOUGLAS DRETKE, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Divisions, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court are Petitioner's Motion to Alter Pleadings, filed December 7, 2005 and Motion to Reconsider Judgment, filed December 19, 2005. By his two motions, Petitioner asks the court to reconsider its November 18, 2005 Judgment, wherein the court, pursuant to its Memorandum Opinion and Order dated November 18, 2005, dismissed this action without prejudice for lack of jurisdiction, and further ordered that Petitioner was barred from pursuing any further federal habeas actions challenging his 1996 conviction, except upon a showing that the Fifth Circuit Court of Appeals has granted him leave to file a successive application, as required by 28 U.S.C. § 2244(b)(3)(A). *See* Judgment, 3:05-CV-1787 (Nov. 18, 2005). Having considered the motions, the record in this case and all applicable authority, the court **denies** Petitioner's Motion to Alter Pleadings and **denies** Petitioner's Motion to Reconsider Judgment.

## I.     Factual and Procedural Background

A brief understanding of the factual background in this case is necessary to understand the court's November 18, 2005 Judgment, along with the court's reasons for denying Petitioner's current

motions.  As set forth in the court's Memorandum Opinion and Order of November 18, 2005, in 1981, Petitioner was convicted of aggravated kidnaping in the 195th Judicial District Court in Dallas County, Texas, in cause number F80-16499-IN (the "1981 conviction").  He was assessed a punishment of three years' confinement in the Texas prison system.  He did not appeal.  Petitioner is currently an inmate in the Texas prison system serving a thirty-five year sentence of confinement following a 1996 conviction for aggravated assault in the 204th Judicial District of Dallas, County, Texas (the "1996 conviction").  His conviction and sentence were affirmed on direct appeal.  *Jones v. State*, No. 11-97-00162-CR (Tex. App. – Eastland, June 4, 1998, pet. ref'd).  Petitioner filed an application for writ of habeas corpus in state court, and the Texas Court of Criminal Appeals denied habeas relief without a written order.  *Ex Parte Jones*, No. 44,841-01 (Tex. Crim. App. Feb. 23, 2000).  Petitioner then filed an application for writ of habeas corpus in the federal court seeking to challenge collaterally the 1996 conviction.  The court denied the petition as time-barred and dismissed Petitioner's habeas claims with prejudice.  *See Jones v. Johnson*, 3:00-CV-1510-X (N.D. Tex. Dec. 19, 2000).

Petitioner then filed this federal habeas petition on September 2, 2005, seeking to challenge collaterally his 1981 conviction and, at the same time, his 1996 conviction.  With regard to the 1981 conviction, he contended that the judgment of conviction violated the Double Jeopardy clause and that his court-appointed counsel was ineffective.  With regard to the 1996 conviction, he contended that the 1981 conviction was improperly used to enhance his punishment.

The magistrate judge recommended dismissal of the § 2254 petition since, among other things, to the extent Petitioner was claiming that his 1981 conviction was improperly used to enhance his 1996 conviction, Petitioner previously mounted an unsuccessful challenge to his 1996

**Memorandum Opinion and Order – Page 2**

conviction in the United States District Court for the Northern District of Texas, and therefore first needed to seek leave to file a second or successive habeas petition in the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A).

## II.      Petitioner's Motion to Alter Pleadings

### A.        Applicable Legal Standard

The court treats Petitioner's Motion to Alter Pleadings as a motion to alter or amend the judgment under Fed. R. Civ. P. Rule 59(e), as it was filed within the applicable time period. "Motions for a new trial or to alter or amend a judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990) (citations omitted). Such motions may not be used to relitigate issues that were resolved to the movant's dissatisfaction. *Forsythe v. Saudi Arabian Airlines Corp*., 885 F.2d 285, 289 (5th Cir. 1989). A Rule 59 motion may not be used to relitigate old matters, raise arguments, or present evidence that could have been raised  prior to entry of judgment. *See generally* 11 C. WRIGHT, A. MILLER & M. KANE § 2810.1 at 127-28 (2d ed. 1995); *see also Simon*, 891 F.2d at 1159. With respect to newly discovered evidence, a court may not grant such a motion unless the movant establishes: "(1) the facts discovered are of such a nature that they would probably change the outcome; (2) the alleged facts are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching." *Infusion Resources, Inc. v. Minimed, Inc.*, 351 F.3d 688, 696-97 (5th Cir. 2003). District courts have "considerable discretion in deciding whether to grant or deny a motion to alter a judgment." *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995). In exercising this discretion, a district court must "strike the proper balance between the need for finality and the need to render

just decisions on the basis of all the facts." *Id*.  With this balance in mind, the Fifth Circuit has observed that Rule 59(e) "favor[s] the denial of motions to alter or amend a judgment." *Southern Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).

### B.    Petitioner's Grounds to Alter Judgment

In support of his Rule 59 motion, Petitioner contends:

> (1) Custody is not required in the instant application. (2) Petitioner/movant is in actual custody pursuant to the judgment in trial cause No. F-80-16449-IN. (3) Where Petitioner/movant is actually innocent of being a repeat offender, as a matter of law, which is an exception to the bar against submitting a subsequent writ application.  And a failure to address the merits of Petitioner's claim would work a serious miscarriage of justice.  It would seem nonsensical and economically unfeasible to require Petitioner/movant to unnecessarily expend judicial resources to seek that which is obviously mandated by law.

Pet. Mot. at 2.

### C.    Analysis

A § 2254 petitioner must show that he is "in custody pursuant to the judgment of a State court[.]"  28 U.S.C. § 2254(a).  *See Lackawanna County District Attorney v. Coss*, 532 U.S. 394, 401-05 (2001); *Maleng v. Cook*, 490 U.S. 488, 493 (1989).  Moreover, as a general rule, if a state conviction no longer open to direct or collateral attack is later used to enhance a criminal sentence, a defendant may not challenge the enhanced sentence through a § 2254 petition on the ground that the prior conviction was unconstitutionally obtained.  *Lackawanna*, 532 U.S. at 403-04.  The Supreme Court, however, has "recognize[d] an exception to the general rule for § 2254 petitions that challenge an enhanced sentence on the basis that the prior conviction used to enhance the sentence was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment[.]" *Id.* at 404 (citation omitted); *Maleng*, 490 U.S. at 493.

**Memorandum Opinion and Order – Page 4**

As Petitioner is no longer in custody for his 1981 conviction, he cannot mount a habeas challenge directed solely at that conviction. *See Lackawanna*, 532 U.S. at 401-05; *Maleng*, 490 U.S. at 492; To the extent Petitioner's habeas petition can be read as asserting a challenge to his 1996 sentence as enhanced by his 1981 conviction, which he claims was void due to ineffective assistance of counsel, Petitioner may be able to satisfy the "in custody" requirement of § 2254 under the limited exception set forth in *Lackawanna* and *Maleng*.   What Petitioner fails to understand, however, is that *he has previously mounted an unsuccessful challenge to his 1996 conviction in the United States District Court for the Northern District of Texas, and therefore first needs to seek leave to file a second or successive habeas petition in the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A)*.   Without such leave, this court is without jurisdiction to entertain his habeas petition.[*]

After careful consideration of Petitioner's Rule 59 motion, the court determines that it has no merit.   Petitioner is merely rehashing the arguments in his objections to the magistrate judge's findings, conclusions and recommendations, which the court already considered in its November 18, 2005 Memorandum Opinion and Order overruling the objections and accepting the magistrate's report. *See* Mem. Op. and Order at 3.   Petitioner presents no new argument or newly discovered evidence, but merely seeks to relitigate issues that were resolved to his dissatisfaction.   Rule 59(e), as already set forth above, may not be used for this purpose. *See Forsythe*, 885 F.2d at 289.

---

[*]The court expresses no view on the extent to which the 1981 conviction itself may be subject to challenge in the attack on the 1996 sentence which Petitioner alleges it was used to enhance.  Further, the court expresses no view as to whether the 1996 sentence was, in fact, enhanced because of the 1981 conviction.

**Memorandum Opinion and Order – Page 5**

### III.     Motion to Reconsider Judgment

In his Motion to Reconsider, Petitioner contends that because his prior habeas petition challenging his 1996 conviction was dismissed with prejudice as time-barred under AEDPA (which Petitioner characterizes as dismissal "on procedural grounds"), a subsequent challenge to the 1996 conviction would not require leave to file a second or successive writ under 28 U.S.C. § 2244(b)(3)(A).  Pet. Mot. to Recon. at 2.  The court rejects Petitioner's argument.  Although the first § 2254 petition challenging the 1996 conviction was dismissed as time-barred, such a dismissal constituted an adjudication on the merits for purposes of the gate-keeping rules on second or successive petitions.  *See Malone v. Dretke*, 2005 WL 3150239 at *2 n.1 (N.D. Tex. Nov. 14, 2005) (Fitzwater, J.); *see also Villanueva v. United States,* 346 F.3d 55, 61 (2nd Cir.2003) (addressing issue in the context of a § 2255 motion); *Donaldson v. United States,* 2003 WL 22959502, No. 01-cv-1061 (N.D.N.Y. Oct. 27, 2003) (same); *see Anders v. Cockrell,* 2003 WL 102615 at *2, 3:02cv2513-N (N.D.Tex. Jan. 08, 2003) (addressing issue in the context of a state habeas corpus petition).  In light of the successive nature of the present petition, this court lacks jurisdiction to consider it unless the Fifth Circuit Court of Appeals first grants Petitioner leave to file a successive petition.

### IV.     Conclusion

In light of the foregoing, the court **denies** Petitioner's Motion to Alter Pleadings and **denies** Petitioner's Motion to Reconsider Judgment.

**It is so ordered** this 22nd day of December, 2005.

Sam A. Lindsay
United States District Judge